IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALTER P. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case. 4:16-cv-00265-SRB |
| | ) |
| KANSAS UNIVERSITY | ) |
| HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On April 28, 2016, the Court granted Plaintiff's request to proceed in forma pauperis, but challenged whether this Court had personal jurisdiction over this claim. The Court explained,

> "Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being [hauled] into court there.'" Id. (citing World–Wide Volkswagen Corp., 444 U.S. at 291).

(Doc. #9, p. 3). The Court concluded, "No facts alleged in the complaint show that any of Plaintiff's claims are based on any event or action of the Defendants that occurred within Missouri." Id. at p. 3-4. The Court directed Plaintiff to "show cause … why this cause of action should not be dismissed without prejudice for lack of personal jurisdiction." Id. at p. 4. On May 23, 2016, Plaintiff filed his response to the Court's show cause order, but failed to specifically address the Court's concerns.

On July 14, 2016, the Court held a status conference and Plaintiff appeared in person. The Court explained its concern that this Court lacked jurisdiction to hear this action because Plaintiff and Defendants are all residents of the State of Kansas, and all the events alleged in the

complaint occurred in the State of Kansas. After consideration of Plaintiff's arguments and the allegations stated in the complaint, the Court finds it lacks personal jurisdiction to hear this case. "When an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may, sua sponte, dismiss the action summarily"… or "[a]lternatively, the Court may transfer the action to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631." Butler v. Grand Prairie Police Dept., No. 15-3816 (JRT/SER), 2015 WL 7307097, at *3 (D. Minn. Oct. 23, 2015). Pursuant to § 1631, "[w]henever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed." In light of Plaintiff's pro se status, the Court finds that, in the interest of justice, it is necessary to transfer this pro se action to the proper district in which it could have been brought.

    Accordingly, it is hereby

    **ORDERED** that this case is transferred to the District of Kansas for all further proceedings, pursuant to 28 U.S.C. § 1631.

    **IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2016